UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| GTY TECHNOLOGY HOLDINGS INC., GTY GOVTECH, INC., STEPHEN J. ROHLEDER and HARRY L. YOU, | : : : | Civil Action No. _____ |
| Plaintiffs, | : | |
| v. | : | **COMPLAINT** |
| OPENGOV, INC., | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs GTY Technology Holdings Inc. ("GTY Holdings"), GTY Govtech, Inc. ("New GTY"), Stephen J. Rohleder and Harry L. You, by and through their undersigned counsel, bring this declaratory judgment action and for their Complaint allege, upon knowledge with respect to themselves and their own acts, and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

1. This declaratory judgment action concerns Defendant OpenGov, Inc.'s ("OpenGov") wrongful attempt to extract $50 million from Plaintiffs based on an alleged breach of a Confidentiality Agreement entered into between OpenGov and GTY Holdings and the purported use of information that OpenGov claims is confidential, proprietary and/or trade secret material.

2. GTY Holdings was formed in August 2016 as a blank check company commonly known as a "special purpose acquisition company" or "SPAC," and completed its initial public offering on November 1, 2016, raising more than $550 million for the express purpose of completing a business combination, with a focus on businesses in the technology industry, including software and services. As part of that initial public offering, GTY Holdings

committed to return that cash to its public shareholders if it did not consummate a business combination within 24 months.

3. More than two months ago, in September 2018, GTY Holdings announced that, after an extensive search process for target businesses, it had entered into definitive agreements to acquire six best-in-class companies to establish an integrated software solution in the highly fragmented and underpenetrated public sector market. OpenGov was not one of those companies. Spurned by its exclusion from GTY Holdings's business combination, OpenGov has demanded an excessive payment -- knowing full well that time is of the essence and GTY Holdings must consummate its proposed business transaction quickly due to its SPAC restrictions -- and has threatened to seek injunctive relief of some sort which could interfere with GTY Holdings's upcoming transactions.

4. Through this action, Plaintiffs seek declaratory judgments that (a) there has been no breach of the confidentiality agreement, (b) the information identified by OpenGov is not confidential, proprietary and/or trade secret information of OpenGov, and (c) there is no enforceable agreement related to an acquisition of OpenGov by GTY Holdings.

**PARTIES**

5. Plaintiff GTY Technology Holdings Inc. (NASDAQ: GTYH) is a publicly traded blank check company organized under the laws of the Cayman Islands and has a principal place of business in Las Vegas, Nevada.

6. Plaintiff GTY Govtech, Inc., formerly known as GTY Technology Holdings, Inc., is a corporation organized under the laws of Massachusetts with a principal place of business in Las Vegas, Nevada.

7. Plaintiff Stephen J. Rohleder is a natural person who is a citizen of Texas.

8. Plaintiff Harry L. You is a natural person who is a citizen of New Hampshire.

9. Upon information and belief, Defendant OpenGov, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business in Redwood City, California.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this case under 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy in this action exceeds $75,000.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and this Court may properly exercise personal jurisdiction over OpenGov.  OpenGov regularly transacts business in New York and has a place of business at 33 Irving Place, New York, New York 10003.  In addition, the confidentiality agreement between OpenGov and GTY Holdings contains a consent to jurisdiction clause that provides for jurisdiction in the courts of the State of New York and of the United States of America located in the State of New York.

## BACKGROUND FACTS

### GTY Holdings Is Established For The Express Purpose Of Effecting A Business Combination

12. GTY Holdings is a publicly traded blank check company incorporated for the purpose of effecting a merger, share exchange, asset acquisition, share purchase, reorganization or similar business combination with one or more businesses.

13. Although GTY Holdings is not limited to a particular industry or geographic region for purposes of consummating a business combination, GTY Holdings is focused on the technology industry, including software and services.  Organizations in all

3

industries continue to undergo rapid transformation resulting from the impact of recent technological shifts, including cloud and mobile computing, software-defined data centers ("SDDC"), the rise of the practice of automating the process of software delivery and infrastructure changes known as the DevOps model, heightened cybersecurity threats, the challenges of managing and maintaining big data, the growth in use of analytics, and the adoption of software as a service ("SaaS").  The demand for these solutions has created an opportunity for a new breed of technology companies to provide innovative products and services that help accelerate this technology transformation. A plethora of companies have developed these products and services but lack the experience or contacts necessary to navigate and accelerate the penetration of their solutions into large IT departments. Compounding the problem, large companies' IT departments lack the in-house expertise to evaluate the immense number of new vendors competing for their business.

14.     GTY Holdings was formed by a leadership team with significant experience and contacts, broad and deep relationship networks, unique technology industry expertise, and proven deal-sourcing capabilities.  GTY Holdings's leadership team's distinctive background and vast network of technology leaders provides GTY Holdings with a differentiated opportunity to source a target company, validate a potential target's technology, consummate a business combination with a target, and help sell the target's products and services into large enterprises.

15.     Plaintiffs Rohleder and You have been members of GTY Holdings's leadership team since its incorporation.  Mr. Rohleder is an accomplished executive who built his career at companies such as Accenture, Apogee and Kony.  Mr. Rohleder has approximately 35 years of experience in the public sector.  Mr. You likewise is an accomplished executive who

built his career at companies such as Accenture, Bearing Point, EMC Corporation, Morgan Stanley and Oracle.  Mr. You has approximately 8 years of experience in the public sector.

16. In an initial public offering completed in November 2016, GTY Holdings raised gross proceeds of approximately $552 million.  The proceeds from the initial public offering were placed in a trust account for use in connection with one or more business combinations.

17. In connection with the initial public offering, GTY Holdings stated that if it was unable to complete the initial business combination within 24 months (in this case, November 1, 2018), GTY Holdings would cease all operations except for the purpose of winding up, redeem 100% of the outstanding public shares for their pro rata share of amounts in the trust account (less up to $100,000 of interest to pay dissolution expenses and net of taxes payable), and commence a voluntary liquidation and a formal dissolution of the company.

### GTY Holdings Conducts An Extensive Search Process To Identify Best-In-Class Target Companies

18. GTY Holdings conducted an extensive search for business combination candidates.  Target business candidates were identified from various sources, including discussions with several private equity firms, venture capital firms and investment banks, as well as GTY Holdings's officers and directors who had become aware of candidates through their business contacts (as a result of formal or informal inquiries or discussions) and trade shows or conventions.

19. GTY Holdings engaged in discussions with numerous potential business combination candidates, including OpenGov.  GTY Holdings considered a range of factors in evaluating those candidates, including the speed with which the target company could consummate a business combination (among other factors).

5

20. On May 9, 2017, GTY Holdings and OpenGov entered into a confidentiality agreement related to discussions about a "potential transaction" with OpenGov (the "Confidentiality Agreement"). At that time, and throughout the parties' discussions, OpenGov was aware that GTY Holdings was required to complete a business combination no later than November 1, 2018 (which was, at that time, approximately 18 months in the future) or return the money in its trust account to its public shareholders.

21. Approximately one year after entering into the Confidentiality Agreement, in May 2018, GTY Holdings delivered to OpenGov a draft letter of intent. Despite multiple requests by GTY Holdings, OpenGov failed to respond to GTY Holdings's draft letter of intent.

22. During the summer of 2018, it became increasingly clear to GTY Holdings that OpenGov would not be a suitable business combination candidate. In August 2018, OpenGov's co-founder and Chairman of the Board, Joseph Lonsdale, contacted Mr. You and others affiliated with GTY Holdings and demanded that GTY Holdings repay $500,000 in costs that OpenGov claims to have spent in connection with preparing an audit during the parties' discussions.

**In September 2018, GTY Holdings Announces
A Proposed Business Combination To Create The Leading
<u>North American SaaS/Cloud Software Company Focused On The Public Sector</u>**

23. On September 12, 2018, GTY Holdings issued a press release announcing that it entered into definitive agreements to acquire six companies that are leading the digital transformation in the public sector market. Those six companies are:

- Bonfire Interactive Ltd., based in Canada, a developer of cloud-based eSourcing and procurement software that helps purchasers find, engage, and evaluate suppliers and manage the resulting contracting and performance relationships;

6

- CityBase, Inc., based in Chicago, IL, a developer of technology, payment and communication channels and aggregator of operational data that also creates websites and mobile applications for utilities, self-service kiosks and point of sale tablets with customized solutions;

- eCivis Inc., based in Pasadena, CA, a cloud-based grants management system provider for state, local and tribal governments that also offers writing, consulting and professional services as well as financial and program performance tracking, cost allocation and budgeting;

- Open Counter Enterprises Inc., based in San Francisco, CA, a builder of user-friendly software to guide applicants through complex permitting and licensing procedures;

- Questica Inc. and Questica USCDN Inc., based in Canada, a provider of budgeting software, performance management and transparency and data visualization solutions; and

- Sherpa Government Solutions LLC, based in Denver, CO, a provider of public sector budgeting software and consulting services.

24. GTY Holdings's proposed business combination will bring together these best-in-class companies to establish an integrated software solution in the highly fragmented and underpenetrated public sector market. With a diverse combined client base of over 1,500 clients, the combined company assembled by GTY Holdings will be a scaled software platform for state and local governments, helping them to address increasing demands by constituents for improved citizen experiences and more efficient operations.

25. Under the definitive agreements with those companies, subject to customary adjustments as provided therein, GTY Holdings agreed to acquire the companies for total aggregate base consideration of $365 million in cash and stock, plus an aggregate earn-out consideration of up to $132 million in cash and stock

26. The business combination will be accomplished through a range of agreements involving Plaintiffs GTY Holdings and New GTY.

27. On October 30, 2018, GTY Holdings held an extraordinary general meeting, during which its shareholders approved an extension of the deadline to consummate a business combination or return capital to its shareholders from November 1, 2018 to May 1, 2019.

28. GTY Holdings expects that the proposed business combination will close in early 2019.

### Two Months After GTY Holdings Announced The Proposed Business Combination, OpenGov Attempts To Extract $50 Million From GTY Holdings

29. OpenGov was not one of the companies that GTY Holdings decided to acquire and include in the proposed business combination based on, among other things, the information OpenGov provided to GTY Holdings and OpenGov's failure to respond timely to GTY Holdings.

30. Two months after GTY Holdings announced its proposed business combination, on November 13, 2018, OpenGov demanded that GTY Holdings pay OpenGov $50 million on a "take it or leave it" basis (or, alternatively, convey to OpenGov other consideration in cash or stock and cancel GTY Holdings's proposed business combination). In an attempt to justify its demand, OpenGov claims that GTY Holdings, Mr. Rohleder and Mr. You breached the Confidentiality Agreement and purportedly misappropriated OpenGov's confidential, proprietary and/or trade secret information.

31. In reality, OpenGov's letter is nothing more than a wrongful attempt to extract a multi-million-dollar payment from GTY Holdings because OpenGov knows GTY Holdings must consummate a transaction quickly or return the capital in its trust account to its shareholders.

**FIRST CLAIM FOR RELIEF**
(Declaratory Judgment Pursuant To 28 U.S.C. §§ 2201, 2202)

32. Plaintiffs repeat and reallege all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

33. An actual controversy has arisen and now exists between Plaintiffs and OpenGov concerning whether the Confidentiality Agreement has been breached.

34. Plaintiffs require a judicial determination of the respective rights of themselves and OpenGov. Specifically, Plaintiffs seek a declaration that the Plaintiffs have not breached the Confidentiality Agreement.

35. Such a declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights under the Confidentiality Agreement and will serve a useful purpose in clarifying the parties' legal relations and terminate the uncertainty giving rise to this proceeding.

**SECOND CLAIM FOR RELIEF**
(Declaratory Judgment Pursuant To 28 U.S.C. §§ 2201, 2202)

36. Plaintiffs repeat and reallege all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

37. An actual controversy has arisen and now exists between Plaintiffs and OpenGov concerning whether certain information is confidential, proprietary and/or trade secret information of OpenGov.

38. Plaintiffs require a judicial determination of the respective rights of themselves and OpenGov. Specifically, Plaintiffs seek a declaration that the information that OpenGov claims to be confidential, proprietary and/or trade secret information is not in fact confidential, proprietary and/or trade secret information.

39. Such a declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights and will serve a useful purpose in clarifying the parties' legal relations and terminate the uncertainty giving rise to this proceeding.

### THIRD CLAIM FOR RELIEF
**(Declaratory Judgment Pursuant To 28 U.S.C. §§ 2201, 2202)**

40. Plaintiffs repeat and reallege all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

41. An actual controversy has arisen and now exists between Plaintiffs and OpenGov concerning whether there was an agreement (there was not) between GTY Holdings and OpenGov for GTY Holdings to acquire OpenGov (including any agreement in the nature of an agreement to agree).

42. Plaintiffs require a judicial determination of the respective rights of themselves and OpenGov.  Specifically, Plaintiffs seek a declaration that there is no enforceable agreement related to an acquisition of OpenGov by GTY Holdings.

43. Such a declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights and will serve a useful purpose in clarifying the parties' legal relations and terminate the uncertainty giving rise to this proceeding.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that the Plaintiffs have not breached the Confidentiality Agreement;

B. Declare that the information that OpenGov claims to be confidential, proprietary and/or trade secret information is not, in fact, confidential, proprietary and/or trade secret information;

   C. Declare that there is no enforceable agreement between GTY Holdings and OpenGov related to an acquisition of OpenGov by GTY Holdings.

   D. Enter judgment in favor of Plaintiffs and against OpenGov;

   E. Award Plaintiffs their attorneys' fees and costs incurred in connection with this action; and

   F. Order that Plaintiffs be awarded such other and further relief as the Court deems just and proper.

Dated: New York, New York
    November 19, 2018

*(signature)*

Scott D. Musoff
Scott.Musoff@skadden.com
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

-- and --

James R. Carroll (pro hac vice to be filed)
James.Carroll@skadden.com
Peter Simshauser (pro hac vice to be filed)
Peter.Simshauser@skadden.com
Christopher G. Clark
Christopher.Clark@skadden.com
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800

Counsel for Plaintiffs
GTY Technology Holdings Inc.,
GTY Govtech, Inc, Stephen J. Rohleder
and Harry L. You